UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN SERNA and HEATHER CRENSHAW | No. 23 CR 245<br><br>Judge Martha M. Pacold |

## STATUS REPORT

The United States of America, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, jointly with defense counsel for defendants JUAN SERNA and HEATHER CRENSHAW, hereby submits this status report pursuant to the Court's June 9, 2023 order (Dkt. 36).

1. On April 22, 2023, defendant SERNA was charged by complaint with one count of possessing with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. 1.

2. On May 18, 2023, defendants SERNA and CRENSHAW were charged by indictment. Dkt. 19. SERNA was charged with the following offenses: possessing with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Two); carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); distributing a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Four);

and conspiring to possess with intent to distribute various controlled substances, including 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count Five). *Id.* CRENSHAW was charged with conspiring to possess with intent to distribute various controlled substances (Count Five). *Id.*

    3.    The parties file this joint status report addressing the following issues:

        a.    On June 21, 2023, the government made its preliminary production of discovery in this case, including recorded calls involving defendant SERNA, certain recorded interviews, laboratory reports regarding the seized narcotics, defendants' criminal history reports, and grand jury testimony.

        b.    Defense counsel would like time to review the discovery, discuss the case with their respective clients, and consider next steps for the direction of the case, including whether to file pretrial motions. Accordingly, defense counsel request that the Court set a status hearing in this matter in approximately 60 days. The government agrees to setting the next status on that timeline.

        c.    The government moves to exclude time through the date of the next status hearing pursuant to 18 U.S.C. § 3161(h)(7), because the ends of justice served by excluding time—including allowing counsel the time reasonably necessary for effective preparation, including the time necessary for defense counsel to review pretrial discovery and confer with their clients—outweigh the best interest of the public and defendants in a speedy trial.

d. Neither defendant opposes the government's motion to exclude time.

> By: s/ *Michelle Parthum*
> MICHELLE PARTHUM
> Assistant U.S. Attorney
> 219 South Dearborn St., Rm. 500
> Chicago, Illinois 60604
> (312) 353-5300
>
> s/ *Seema Ahmad*
> SEEMA AHMAD
> Federal Defender Program
> 55 East Monroe Street, Suite 2800
> Chicago, IL 60603
> (312) 621-8300
>
> *Counsel for Juan Serna*
>
> s/ *Kent Carlson*
> KENT CARLSON
> Kent R. Carlson & Associates P.C.
> 53 W. Jackson Boulevard, Suite 1523
> Chicago, IL 60604
> (312) 663-9601
>
> *Counsel for Heather Crenshaw*

Date: June 23, 2023